# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CHRISTOPHER OWEN RYDER,**

    Petitioner,

v.                                                        Case No: 8:17-cv-1064-T-27TGW
                                                          Crim. Case No: 8:94-cr-259-T-27TGW

**UNITED STATES OF AMERICA,**

    Respondent.
_____ /

## ORDER

**BEFORE THE COURT** are Petitioner Ryder's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his memorandum in support (Id. at 14-19), the United States' response (cv Dkt. 4), and Ryder's reply (cv Dkt. 7). Upon consideration, Ryder's § 2255 motion is **DENIED** as time barred.

## PROCEDURAL BACKGROUND

In 1995, Ryder pleaded guilty to bank robbery, possession of a firearm in furtherance of a crime of violence, and carjacking. (cr Dkt. 41). He was sentenced to 354 months in prison and 60 months of supervised release. (cr Dkt. 53). Ryder did not file a direct appeal.

On April 25, 2017, Ryder signed his § 2255 motion. (cv Dkt. 1). He raises one ground for relief. (Id. at 4):

> The federal statute requiring a consecutive mandatory minimum sentence when a drug trafficking or crime of violence involves a firearm, in violation of 18 U.S.C. § 924(c), does not preclude the judge from imposing a sentence as short as one day for the underlying[] predicate crime.

The Government contends that Ryder's § 2255 motion is time barred. (cv Dkt. 4 at 3).

1

**DISCUSSION**

*I.     Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The judgment in Ryder's criminal case was entered on June 27, 1996. (cr Dkt. 54). Because he did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) ten days later, on July 8, 1996. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(l)(A)(i) (1996) (criminal defendant's notice of appeal must be filed within ten days after the entry of the judgment) (amended in 2009). He therefore had one year from July 8, 1996 to file a timely § 2255 motion. His motion was not filed until April 2017, almost twenty years after the limitations period expired. Accordingly, his § 2255 motion is untimely under § 2255(f)(1).

Apparently recognizing the untimeliness of his motion, Ryder argues entitlement to a delayed start of the one-year limitation period under § 2255(f)(3), based on the decision in *Dean*

*v. United States*, 137 S. Ct. 1170 (2017). (cv Dkt. 1 at 12). In *Dean*, the Supreme Court held that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." 137 S. Ct. at 1178; *see also United States v. Perez*, 744 F. App'x 624, 627 (11th Cir. 2018) ("*Dean* emphasizes the district court's 'long enjoyed discretion' and held that mandatory minimum consecutive sentences under § 924(c) *may* (not must) be considered.") (emphasis in original) (quotation omitted).

Ryder's reliance on *Dean* is misplaced. *Dean* did not announce a new substantive rule made retroactively applicable to cases on collateral review. *See In re Dockery*, 869 F.3d 356 (5th Cir. 2017) (finding that petitioner failed to show "that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"). And numerous courts in this Circuit have determined that *Dean* does not apply retroactively to cases on collateral review. *See, e.g.*, *Alexander v. United States*, No. 6:18-cv-339-Orl-28GJK, 2019 WL 4040161, at *4 (M.D. Fla. Aug. 27, 2019); *United States v. Robinson*, No. 3:06CR442/LAC/HTC, 2019 WL 2016556, at *7 (N.D. Fla. Apr. 17, 2019), *report and recommendation adopted*, No. 3:06CR442/LAC/HTC, 2019 WL 2010708 (N.D. Fla. May 7, 2019); *Morales-Avila v. United States*, No. 112CR0078ODERGV4, 2017 WL 3948926, at *2 (N.D. Ga. Sept. 8, 2017). Because *Dean* neither recognizes a new substantive right nor applies retroactively on collateral review, Ryder is not entitled to a delayed start of the limitations period under § 2255(f)(3).[1]

---

[1] In his Reply, Ryder purports to raise a *Johnson* claim in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (cv Dkt. 7). This Court is mindful of its responsibility to address and resolve all claims raised in Ryder's motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a)). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply. Accordingly, to the extent Ryder purports to raise any new claims in his Reply (Dkt. 7), those claims will not be considered. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n. 11 (11th Cir. 2009) ("Because they raised this argument for the first time in their reply brief, we treat this argument as waived."); *United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.").

Because Ryder is not entitled to a delayed start of the limitation period under § 2255(f)(3), his § 2255 motion is time barred, precluding review, absent equitable tolling. But Ryder does not contend that he is entitled to equitable tolling. Accordingly, his § 2255 motion is time barred as it was not filed within one year of when his conviction became final on July 8, 1996. *See* 28 U.S.C. § 2255(f)(1).

## II. *Ineffective Assistance of Counsel*

In the prescribed § 2255 form, when asked to explain why he did not appeal his conviction or raise his claim for relief in a prior motion, Ryder states, without any supporting facts, that counsel was ineffective. (cv Dkt. 1 at 4, 5). This conclusory assertion is insufficient to state a substantive claim of ineffective assistance of counsel, as bare allegations are insufficient to support habeas relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (quotation marks omitted).

## CONCLUSION

Ryder's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1) is **DISMISSED** as time barred. The Clerk shall enter judgment against Ryder and close the case.

## CERTIFICATE OF APPEALABILITY ("COA")

Ryder is not entitled to a COA. The right to appeal from the denial of a habeas corpus petition is governed by 28 U.S.C. § 2253(c). Where, as here, a habeas petition is denied on procedural grounds and the merits of the underlying constitutional claim are not reached, Ryder must show that (1) "jurists of reason would find it debatable whether the district court was correct

in its procedural ruling;" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *Gordon v. Sec'y, Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (per curiam) (citation omitted) (applying *Slack* to a petition dismissed as untimely); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1265 (11th Cir. 2004) (en banc). Ryder cannot make the requisite showing.

Reasonable jurists would not find it debatable whether Ryder's § 2255 motion is time barred. Nor would jurists of reason find it debatable that he has not made a substantial showing of the denial of a constitutional right. And because he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** this 7th day of January, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, *Pro Se* Petitioner